UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

PLAISE E. SPANGLER,                  )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )   No. 1:22-CV-00020-JRG-SKL
                                     )
KEVIN ESCHETTE et al.,               )
                                     )
        Defendants.                  )

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner housed in the McMinn County Justice Center, is proceeding pro se on a complaint alleging a violation of 42 U.S.C. § 1983 [Doc. 1]. He has also filed a motion for leave to proceed *in forma pauperis* [Doc. 2], and a motion for the appointment of counsel [Doc. 3]. For the reasons set forth below, the Court will grant Plaintiff's motion to proceed *in forma pauperis*, deny Plaintiff's motion to appoint counsel, and dismiss the Complaint for failure to state a claim upon which relief may be granted.

**I.      MOTION TO PROCEED *IN FORMA PAUPERIS***

A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 2] will be **GRANTED**. Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee, 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II.   MOTION TO APPOINT COUNSEL

Plaintiff asks the Court to appoint counsel in this proceeding, as he has "endured an injustice," is "emotionally attached to the situation," and the fact of his current incarceration limits his privacy via mail [Doc. 3]. However, "[a]ppointment of counsel in a civil case is not a constitutional right," but a privilege "justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (quoting *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)). A court determines whether "exceptional circumstances" exists based upon consideration of the type and complexity of the case, and the plaintiff's ability to represent himself. *Id*. at 606.

Plaintiff's claims are not particularly complex in law or fact, and his filings in this case demonstrate that Plaintiff has the ability to represent himself competently. Therefore, the Court finds that no exceptional circumstances exist that warrant the appointment of counsel in this matter, and Plaintiff's motion [Doc. 3] will be **DENIED**.

## III.  SCREENING OF COMPLAINT

### A.   Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by

the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**B.  Plaintiff's Relevant Allegations**

On October 18, 2020, a Marathon gas station clerk called 911 after a woman entered the store and wrote a note to the clerk stating that the passenger in the vehicle she was driving would not let her go [Doc. 1 at 6]. The woman (the "victim") returned to the vehicle, pumped some gas, and drove away as the clerk called 911 [*Id.*]. Meigs County Sheriff's Deputy Mowery and his

3

partner initiated a traffic stop of a vehicle matching the description given by the 911 dispatcher, and the passenger, Plaintiff, was searched and placed in a law enforcement vehicle while the victim was questioned by Meigs County Sheriff Jackie Melton [*Id.*]. It was eventually determined that the vehicle belonged to the mother of Plaintiff's daughter [*Id.*].

While the victim was questioned, Sheriff Melton informed Plaintiff that the victim claimed Plaintiff had kidnapped her at sword point, forced her into the vehicle, raped her, and then made her drive Plaintiff [*Id.*]. The victim maintained that she wrote the Marathon store clerk a note stating "[h]e won't let me go!" when she entered the store to pay for gas and buy a lottery ticket [*Id.* at 7].

Plaintiff was taken to the Meigs County Jail and placed in a holding cell while the victim's recorded statement was taken by Detective Kevin Eschette [*Id.*]. During that interview, the victim told Detective Eschette that Plaintiff had kidnapped her from her home at sword point, forced her into a vehicle, made her drive to a Dollar General store to pick up an unknown male subject and drive the unknown subject to location near Uncle Gus Restaurant and drop him off, raped her, and then directed her to proceed to the Marathon station, where the events transpired as she earlier recounted during initial questioning [*Id.*].

Plaintiff was placed in a holding cell until warrants issued against him on October 20, 2020, and he was moved to a cell block [Doc. 1 at 8; Doc. 6 at 4, 6, 8]. On October 21, 2020, Plaintiff was pulled out of his cell block and booked into custody on charges of aggravated kidnapping, aggravated rape, and aggravated assault [Doc. 1 at 8]. He was arraigned the next day, and counsel was appointed for him [*Id.*]. On October 28, 2020, McMinn County placed a hold on Plaintiff for a violation of his McMinn County probation in light of the new Meigs County charges [*Id.*].

Plaintiff's counsel failed to contact him for months and was eventually relieved from representation [*Id.*]. New counsel was appointed for Plaintiff, and on February 18, 2021, the Meigs

4

County General Sessions Court dismissed Plaintiff's charges in Meigs County [*Id*. at 8-9]. Plaintiff was released from custody later that day when McMinn County lifted its hold on him [*Id*. at 9].

In April 2021, Plaintiff spoke with Detective Eschette via telephone and inquired why Detective Eschette would arrest Plaintiff based solely on the victim's conflicting story [*Id*. at 9]. Detective Eschette told Plaintiff it was the District Attorney's decision [*Id*.].

Aggrieved by these alleged events, Plaintiff filed this action against Meigs County Detective Kevin Eschette, Meigs County Deputy Mowery and his partner, Meigs County District Attorney Krista Kelly, the Meigs County Jail, and Meigs County Sheriff Jackie Melton [*Id*. at 4-5]. Plaintiff asks the Court to award him monetary damages for the deprivation of life and liberty he experienced between October 18, 2020 and February 18, 2021 due to malicious prosecution; for the prosecutor to "clean it all from [his] record" and issue a public apology; and for the alleged victim to be prosecuted for levying false charges against him [*Id*. at 10-11].

### C. Analysis

#### 1. Meigs County Law Enforcement Officers

Plaintiff contends that Sheriff Melton, Detective Eschette, Deputy Mowery, and Deputy Mowery's partner maliciously prosecuted and/or falsely arrested him on the basis of a witness who lacked credibility, and that her lack of credibility should have been apparent due to her conflicting accounts of the incidents giving rise to Plaintiff arrest.

A claim for malicious prosecution arising in violation of the Fourth Amendment is cognizable under § 1983. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). A plaintiff asserting a claim for malicious prosecution must establish that: (1) a prosecution was initiated against the plaintiff and the defendant participated in the decision to prosecute the plaintiff; (2) the criminal prosecution lacked probable cause; (3) the plaintiff suffered a deprivation of liberty as a

result of the legal proceedings; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Id.* at 308-09. A claim for false arrest[1] under § 1983 likewise requires a plaintiff to establish that officers lacked probable cause for the imprisonment or arrest. *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005).

Plaintiff appears to base the merits of his claim on the fact that the Meigs County charges against him were dismissed. Plaintiff has submitted State-court Judgments regarding the Meigs County charges, one of which contains a handwritten explanation that the dismissal occurred for "[f]ailure to [prosecu[te]" [Doc. 6 at 2, 3]. Under Tennessee law, "a judgment that terminates a lawsuit in favor of one of the parties must address the merits of the suit rather than terminating the suit on procedural or technical grounds." *Richardson v. Russell*, No. 3:15-CV-869, 2016 WL 11431506, at *7 (M.D. Tenn. Apr. 20, 2016) (citation omitted), *report and recommendation adopted*, No. 3:15-CV-869, 2016 WL 2941039 (M.D. Tenn. May 20, 2016). Plaintiff's explanation for the dismissal of his charges is insufficient to allow the Court to conclude that the dismissal constitutes a "favorable termination" as understood under prevailing law.[2] The Court need not resolve this issue, however, as it is apparent from the totality of allegations that probable cause existed to arrest and prosecute Plaintiff.

---

[1] Under federal law, false arrest is a species of false imprisonment and, as such, the Supreme Court has referred to these torts collectively as "false imprisonment." *Wallace v. Kato*, 549 U.S. 384, 388-09 (2007).

[2] "Favorable termination" requires more than mere dismissal, as "[a] valid arrest based upon then-existing probable cause is not vitiated if the suspect is later found innocent." *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988); *see also Baker v. McCollan*, 443 U.S. 137, 145 (1979) ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released."). In the Sixth Circuit, "favorable termination" requires termination of criminal proceedings in a manner indicating the plaintiff's innocence or that a conviction had become "improbable." *Jones v. Clark Cty., Ky.*, 959 F.3d 748, 765 (6th Cir. 2020); *Jordan v. Blount Cty.*, 458 F. Supp. 3d 870, 885 (E.D. Tenn. Apr. 30, 2020) (collecting cases and discussing in context of statute of limitations). The Court notes that the Supreme Court has granted certiorari to resolve a circuit split as to whether the favorable-termination element of a Fourth Amendment claim under §1983 requires a demonstration that the proceedings were terminated in a manner affirmatively indicative of innocence. *See Thompson v. Clark*, 794 F. App'x 140, 141 (2d Cir. 2020), *cert. granted*, 141 S. Ct. 1513 (2021), *amended*, 141 S. Ct. 1682 (2021), *and cert. granted in part*, 141 S. Ct. 1682 (2021).

Probable cause exists if the facts and circumstances within the knowledge of the officers or prosecuting officials, and of which they had reasonably trustworthy information, are sufficient to warrant a prudent person in believing that the defendant committed the offense charged. *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Webb v. United States*, 789 F.3d 647, 666 (6th Cir. 2015). Here, police received a call from a 911 dispatcher stating that a woman had been kidnapped, police officers initiated a traffic stop of a vehicle matching the description provided to the 911 dispatcher, and the driver of the vehicle stated that Plaintiff had kidnapped and raped her. These circumstances provided probable cause to arrest and prosecute Plaintiff for the offenses, regardless of Plaintiff's denials of culpability. *See, e.g., Klein v. Long*, 275 F.3d 544, 551-52 (6th Cir. 2001) (finding officers need not interview offender if such interview would, at most, produce denial of wrongdoing); *see also Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) ("[A victim's] accusation that she had been sexually assaulted by [the plaintiff], standing alone, was sufficient to establish probable cause.").

Accordingly, Plaintiff cannot sustain this action for malicious prosecution and/or false arrest, and his Complaint will be **DISMISSED**. Nonetheless, out of an abundance of caution, the Court considers the liability of the remaining Defendants and viability of Plaintiff's requests for relief.

### 2. Defendant Krista Kelly

Plaintiff cannot otherwise sustain this action against Meigs County District Attorney Krista Kelly, as "a state prosecuting attorney who act[s] within the scope of h[er] duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (prosecutor immune from action alleging knowing use of perjured testimony, malicious prosecution, and conspiring with judge). Because prosecutors have absolute immunity for activities connected with judicial

proceedings, Defendant Kelly will be **DISMISSED**. *See, e.g.*, *Imbler*, 424 U.S. at 431 (providing protection for prosecutor's conduct "in initiating a prosecution").

Moreover, the decision whether to initiate criminal prosecution belongs to the prosecutor, and private citizens have no legal interest in the investigation or prosecution of a crime. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996) (noting the absence of law allowing a § 1983 action to force the state to prosecute). Therefore, Plaintiff has no legally cognizable interest under § 1983 in whether the complaining witness is prosecuted, and therefore, he cannot secure prosecution of another as relief in this action.

Similarly, Plaintiff has no constitutional right to have a record of his Meigs County arrests expunged, *see, e.g., Bird v. Summit Cty., Ohio*, 730 F.2d 442, 444 (6th Cir. 1984), and the Court has no authority to order Defendants to issue an apology to him, *Lyvers v. Newkirk*, No. 1:15-CV-P96, 2017 WL 2817676 (W.D. Ky. June 28, 2017) (collecting "apology" cases). Accordingly, the Court is without authority to order the non-monetary relief sought by Plaintiff, and these requests will be denied.

### 3. Meigs County

While Plaintiff has named the Meigs County Jail as a Defendant in this suit, a jail is a building and not a "person" within the understanding of § 1983. *See, e.g., Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Further, even if Plaintiff had stated a plausible constitutional claim against an individual Defendant, Plaintiff has not set forth any facts from which the Court could infer that any custom or policy of Meigs County caused the violations alleged by Plaintiff, and therefore, he

has failed to state a claim against Meigs County itself. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a municipality may be liable under § 1983 for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation). Therefore, this Defendant will be **DISMISSED**.

IV. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff's claims fail to state a claim upon which relief may be granted under §1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

6. Plaintiff's motion for the appointment of counsel [Doc. 3] is **DENIED**; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

9